## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **BILLY L. ROHWEDDER,** | **MEMORANDUM DECISION AND ORDER** |
| **Plaintiff,** | |
| **vs.** | **Case No.  2:20CV81DAK** |
| **WARENSKI SPERRY, et al.,** | **Judge Dale A. Kimball** |
| **Defendants.** | |

This matter is before the court on two matters: (1) Plaintiff's "Motion to/for Attachment Exhibit" [ECF No. 5]; and (2) Plaintiff's "Notice of Change of Judge" [ECF No. 9].

<u>Motion to Attach Exhibit</u>

Plaintiff's "Motion to/for Attachment Exhibit" provides no explanation or argument for bringing the motion.  It appears to the court that Plaintiff wishes for the exhibit to be attached as an exhibit to his Complaint.  To the extent that the motion can be construed to be a motion to attach the exhibit to Plaintiff's Complaint, the court finds no reason to deny such motion.  The document, therefore will be considered an exhibit to Plaintiff's Complaint.  Accordingly, Plaintiff's motion is granted.

<u>Motion to Disqualify</u>

Second, Plaintiff submitted a document entitled "Notice of Change of Judge" [ECF No.

9].  The court docketed the submission as a motion to disqualify judge.  Plaintiff alleges that the

undersigned judge has demonstrated prejudice against him because he required Plaintiff to pay a

$350 filing fee within thirty days and thirty days is not a sufficient period of time.

    1.  28 U.S.C. § 144

    Under 28 U.S.C. § 144, "[w]henever a party to any proceeding in a district court makes

and files a timely and sufficient affidavit that the judge before whom the matter is pending has a

personal bias or prejudice either against him or in favor of any adverse party, such judge shall

proceed no further therein, but another judge shall be assigned to hear such proceeding."  28

U.S.C. § 144.  It is well settled, however, that the mere filing of an affidavit under Section 144

does not automatically disqualify a judge.  *See, e.g.*, *United States v. Bray*, 546 F.2d 851, 857

(10th Cir.1976).  The judge presiding on the matter must determine whether the affidavit is

legally sufficient.  *Id.*

    The Tenth Circuit has held that "[u]nder § 144, the affidavits filed in support of recusal

are strictly construed against the affiant and there is a substantial burden on the moving party to

demonstrate that the judge is not impartial." *United States v. Burger*, 964 F.2d 1065, 1070 (10th

Cir. 1992); *see also Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987).  "The affidavit must

state with required particularity the identifying facts of time, place, persons, occasion, and

circumstances" necessitating recusal.  *Hinman*, 831 F.2d at 939.

    In this case, however, Plaintiff, did not file an affidavit in support of his "Notice of

Change of Judge."  Because Plaintiff failed to meet the requirements of Section 144 in filing an

affidavit, the court does not believe there is a necessity for submitting the matter to another judge for review.

"To sustain disqualification under § 144 . . .  there must be demonstrated bias and prejudice of the judge arising from an extrajudicial source which renders his trial participation unfair in that it results in an opinion formed ... on some basis other than that learned from his participation in the case." *United States v. Bray*, 546 F.2d 851, 859 (10th Cir.1976) (quotation and citation omitted).  Adverse rulings by a judge in a case are not grounds for disqualification. *Id.* at 857; *Green v. Dorrell*, 969 F.2d 915, 919 (10th Cir. 1992).

> [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.

*Litkey v. United States*, 510 U.S. 540, 555 (1994).

Plaintiff alleges that the undersigned judge has demonstrated prejudice against him because he required Plaintiff to pay a $350 filing fee within thirty days and thirty days is not a sufficient period of time.  However, the court's Order requiring Plaintiff to pay the filing fee explained that the law provides that a plaintiff such as Plaintiff, who has filed three or more cases which have been dismissed for being frivolous or failing to state a claim, is ineligible to proceed without prepaying the filing fee.  An adverse ruling which is based on the governing law does not demonstrate prejudice.  There is no indication that the district court decided the matter with bias or prejudice.  The court's application of the law does not show a favoritism or antagonism

3

against Plaintiff.  Therefore, the court finds that there is no basis for recusal in this case.

    2. 28 U.S.C. § 455(a)

    Under 28 U.S.C. § 455(a), "Any . . . judge . . . of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Disqualification under Section 455 is an objective standard, "[d]isqualification is appropriate only where a reasonable person, were he to know all the circumstances, would harbor doubts about the judge's impartiality." *United States v. Mendoza*, 468 F.3d 1256, 1262 (10th Cir. 2006). "The trial judge must recuse himself when there is an appearance of bias, regardless of whether there is actual bias." *Bryce v. Episcopal Church*, 289 F.3d 648, 659 (10th Cir. 2002).  However, "section 455(a) must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." *United States v. Hines*, 696 F.2d 722, 729 (10th Cir. 1982).  "The inquiry is limited to outward manifestations and reasonable inferences drawn therefrom.  In applying the test, the initial inquiry is whether a reasonable factual basis exists for calling the judge's impartiality into question." *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993).  Moreover, "[t]here is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is." *Hinman*, 831 F.2d at 939.

    The court has already explained that there is nothing in this court's prior Order that calls the undersigned judge's impartiality into question.  Although the Order was adverse to Plaintiff's interests, it was analyzed under the facts and law before the court and it provide no indication that Judge Kimball would rule for or against Plaintiff on other matters.  The court concludes that

no reasonable person, knowing the circumstances of the case, would harbor any doubts about its

ability to be impartial to Plaintiff in the present case.  Accordingly, Plaintiff's motion is denied

under Section 455(a) as well.

The court, therefore, denies Plaintiff's Motion to Disqualify under 28 U.S.C. §§ 144 and

455(a).

<u>Conclusion</u>

Based on the above reasoning, Plaintiff's "Motion to/for Attachment Exhibit" [ECF No.

5] is GRANTED and Plaintiff's Motion to Disqualify [ECF No. 9] is DENIED.

DATED this 28th day of September, 2020.

BY THE COURT:

DALE A. KIMBALL
United States District Judge

5