IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| BILLY L. ROHWEDDER,<br><br>                Plaintiff,<br><br>v.<br><br>OFFICER SPERRY,<br><br>                Defendant. | **MEMORANDUM DECISION & ORDER DISMISSING CONDITIONS-OF-CONFINEMENT CLAIM**<br><br>Case No. 2:20-CV-81-DAK<br><br>District Judge Dale A. Kimball |

Plaintiff, Billy L. Rohwedder, filed a *pro se* civil rights complaint, *see* 42 U.S.C.S. § 1983 (2021). His Amended Complaint asserts claims against Defendant Sperry, a Unified Police Department officer. (ECF No. 19.) His allegations involve a "pretextual" stop, search and detention. (*Id.*)

As the Court clarified in its earlier Order requiring Plaintiff to cure his deficient original complaint, (ECF No. 18), a valid complaint must clearly state what the individual defendant did to violate Plaintiff's civil rights. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating personal participation of each defendant is essential allegation). "To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'" *Stone v. Albert*, No. 08-2222, slip op. at 4 (10th Cir. July 20, 2009) (unpublished) (emphasis in original) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)).

Considering these guidelines, the Court concludes that Plaintiff has done nothing to affirmatively link Defendant to his Eight Amendment claim regarding "illegal conditions of pretrial confinement." (ECF No. 19, at 23.) He has not detailed how his pretrial conditions of

confinement were "illegal" or how Defendant, as an arresting officer, may have had anything to do with his ongoing conditions of confinement once the arrest was over. Plaintiff's claim against Defendant of illegal conditions of confinement may not survive this omission.

IT IS THEREFORE ORDERED that Plaintiff's claim of illegal conditions of confinement is DISMISSED. Remaining claims regarding "pretextual" stop, search and seizure, and detention will undergo further screening at the Court's earliest opportunity.

DATED this 1st day of June, 2021.

BY THE COURT:

JUDGE DALE A. KIMBALL
United States District Court