IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **BILLY L. ROHWEDDER,**<br><br>      **Plaintiff,**<br><br>v.<br><br>**OFFICER SPERRY,**<br><br>      **Defendant.** | **RULING & ORDER**<br><br>Case No: 2:20-cv-00081<br><br>**District Court Judge Dale A. Kimball**<br><br>**Magistrate Judge Dustin B. Pead** |

## BACKGROUND

On February 19, 2020, Plaintiff Billy L. Rohwedder ("Plaintiff") filed his *pro se* civil rights complaint against the Unified Police Department ("UPD") and Officer Warenski Sperry ("Officer Sperry"), alleging claims for violation of his Fourth and Eighth Amendment rights. (ECF No. 4); *see* 42 U.S.C. § 1983 (2021). On May 10, 2021, Judge Kimball asked Plaintiff to amend his complaint to cure the deficiencies as identified in his Order. (ECF No. 18.)

Plaintiff filed an Amended Complaint against Defendant Officer Sperry on May 24, 2021. (ECF No. 19.) Because the amended pleading failed to "affirmatively link Defendant to his Eighth Amendment claim regarding 'illegal conditions of pretrial confinement,'" Judge Kimball dismissed Plaintiff's Eighth Amendment claim and referred the remaining "pretextual stop, search and seizure and detention claims" to this Court for further screening.[1] (ECF No. 20; ECF No. 21); *see* 28 U.S.C. §636 (b)(1)(B).

---

[1] The screening statute reads:

 (a)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that---

## STANDARD OF REVIEW

As a *pro se* litigant, the Court construes Plaintiff's complaint liberally and holds Mr. Rohwedder's pleadings to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Yet even under a liberal review, Plaintiff is not excused from compliance with federal pleading requirements or from stating a claim for which relief may be granted. *Id.* at 1009; *see also* Fed. R. Civ. P. 8; Fed. R. Civ. P. 12(b)(6).

It "is not the proper function of the Court to assume the role of advocate for a *pro se* litigant," *Hall*, 935 at 1110 (italics added), and the court should not "supply additional facts, [or] construct a legal theory . . . that assumes facts that have not been pleaded." *Dunn v. White,* 880 F.2d 1188, 1197 (10th Cir. 1989), *cert. denied,* 493 U.S. 1059, 107 L. Ed. 2d. 954, 110 S. Ct. 871 (1990).

## ORDER FOR SERVICE OF PROCESS

After screening under § 1915, the Court concludes that Plaintiff's Amended Complaint sufficiently clarifies his cause of action such that official service of process is warranted on the Defendant. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in such cases.").[2] Accordingly, the United States Marshals Service

---

      (B) the action or appeal—
           (i) is frivolous or malicious;
           (ii) fails to state a claim on which relief may be granted; or
           (iii) seeks monetary relief against a defendant who is immune from such relief.
      relief.
28 U.S.C. § 1915A (2021).

[2] *See also,* Fed. R. Civ. P. 4(c)(3) ("At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915."); *see also Olsen v. Mapes,* 333 F.3d 1199, 1204 ("When a plaintiff is granted in forma pauperis status, the district court is required to serve process for the plaintiff.").

("USMS") is directed to serve a properly issued summons and a copy of Plaintiff's Amended Complaint, (*see* ECF No. 19), along with this Order, upon the following:

    Officer Warenki Sperry

    c/o Unified Police Department

    3365 South 900 West

    Salt Lake City, Utah 841109

All costs of service shall be advanced by the United States.

    DATED this 19 August 2021.

                                                               _____
                                                               Dustin B. Pead
                                                               United States Magistrate Judge