IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| **BILLY L. ROHWEDDER,**<br><br>**Plaintiff,**<br><br>v.<br><br>**WARENSKI SPERRY,**<br><br>**Defendant.** | **RULING & ORDER**<br><br>Case No. 2:20-cv-00081<br><br>**United States District Court Judge Dale A. Kimball**<br><br>**Magistrate Judge Dustin B. Pead** |

On July 7, 2021, this matter was referred to the undersigned from District Court Judge Dale A. Kimball pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 21.) Currently pending before this court is Plaintiff Billy L. Rohwedder's ("Plaintiff" or "Mr. Rohwedder") Motion to Appoint Counsel ("Motion") (ECF No. 26.) Plaintiff previously filed a Motion for Appointment of Counsel that was denied by Judge Kimball. (ECF No. 18.)

As a civil litigant, "[t]here is no constitutional right to appointed counsel in a civil case," *Durre v. Dempsey,* 869 F.2d 543, 547 (10th Cir. 1988) (per curiam), and the issue of appointment "is left to the sound discretion of the district court." *Shabazz v. Askins,* 14 F.3d 533, 535 (10th Cir. 1994). When deciding whether to appoint counsel, the court studies a variety of factors "including the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Rucks v. Boergermann,* 57 F.3d 978, 979 (10th Cir. 1995) (internal citation omitted). It is the applicant's burden to convince the court that his claim has sufficient merit to justify the appointment of counsel. *See McCarthy v. Weinberg,* 753 F.2d 836, 838 (10th Cir. 1985).

As the basis for his request, Mr. Rohwedder asserts that appointment of counsel is necessary in this case because he works over forty hours a week and lacks an education. (ECF No. 26 at 3-4.) These arguments, however, are insufficient to warrant appointment of counsel in a civil case and Mr. Rohwedder fails to meet his burden to justify the request. Applying the relevant factors, the court concludes that it is currently unclear if Mr. Rohwedder asserts a colorable claim and the nature of the factual issues or legal complexity is unknown. Further, as evidenced by his filings and motions, Plaintiff demonstrates the ability to pursue his case *pro se*. Indeed, on his own Plaintiff has timely filed an Amended Complaint (ECF No. 19) as well as motions to appoint counsel, serve process and disqualify Judge Kimball. (ECF No. 9; ECF No. 15; ECF No. 16; ECF No. 26.)

Nonetheless, the court recognizes that counsel may subsequently become appropriate or necessary. Accordingly, the court DENIES Plaintiff's Motion without prejudice. (ECF No. 26.)

**IT IS SO ORDERED.**

DATED: October 27, 2020.

BY THE COURT:

_____
Dustin B. Pead
U.S. Magistrate Judge