IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| **BILLY L. ROHWEDDER,**<br><br>Plaintiff,<br><br>v.<br><br>**WARENSKI SPERRY,**<br><br>Defendant. | **RULING & ORDER**<br><br>Case No. 2:20-cv-00081<br><br>**United States District Court Judge Dale A. Kimball**<br><br>**Magistrate Judge Dustin B. Pead** |

On July 7, 2021, this matter was referred to the undersigned from District Court Judge Dale A. Kimball pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 21.) Currently pending before this court is Plaintiff Billy L. Rohwedder's ("Plaintiff" or "Mr. Rohwedder") third Motion to Appoint Counsel ("Motion") (ECF No. 34.) Plaintiff previously filed motions seeking the appointment of counsel on December 11, 2020 (ECF No. 16) and October 25, 2021 (ECF No. 26.) Both motions were denied.

As a civil litigant, "[t]here is no constitutional right to appointed counsel in a civil case," *Durre v. Dempsey,* 869 F.2d 543, 547 (10th Cir. 1988) (per curiam), and the issue of appointment "is left to the sound discretion of the district court." *Shabazz v. Askins,* 14 F.3d 533, 535 (10th Cir. 1994). When deciding whether to appoint counsel, the court studies a variety of factors "including the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Rucks v. Boergermann,* 57 F.3d 978, 979 (10th Cir. 1995) (internal citation omitted). It is the applicant's burden to convince the court that his claim has sufficient merit to justify the appointment of counsel. *See McCarthy v. Weinberg,* 753 F.2d 836, 838 (10th Cir. 1985).

1

As the basis for his third request for appointment, Mr. Rohwedder asserts the court recently issued a scheduling order and has implemented other "superfluous court strategies which are obvious prejudicial 'tools' designed to prevent justice and 'uniform' treatment to 'pro-se' litigants pursing meritorious claims in Court." (ECF No. 34 at 2.) Mr. Rohwedder's assertion about the court, however, is insufficient to warrant the appointment of counsel this civil case and Plaintiff fails to meet his burden to justify the request.

Under the relevant factors it is currently unclear if Mr. Rohwedder asserts a colorable claim and the nature of the factual issues or legal complexity is unknown. Further, to this point, as evidenced by his filings and motions, Plaintiff has demonstrated that he is capable of pursing his case *pro se*.

Accordingly, the court DENIES Plaintiff's third Motion for Appointment of Counsel without prejudice. (ECF No. 34.)

**IT IS SO ORDERED.**

DATED:  December 29, 2020.

BY THE COURT:

_____
Dustin B. Pead
U.S. Magistrate Judge