IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **BILLY L. ROHWEDDER,**<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>**WARENSKI SPERRY,**<br><br>　　　　　　Defendant. | **REPORT & RECOMMENDATION**<br><br>Case No: 2:20-cv-00081<br><br>District Judge Dale A. Kimball<br><br>Magistrate Judge Dustin B. Pead |

## INTRODUCTION

This matter is before the court pursuant to a 28 U.S.C. §636(b)(1)(B) referral from District Court Judge Dale A. Kimball (ECF No. 21). Currently pending is Defendant Officer Warkenski Sperry's ("Defendant" or "Officer Sperry") Motion for Summary Judgment ("Motion") (ECF No. 43).

On February 7, 2023, the court struck Plaintiff Billy Rohwedder's ("Plaintiff" or Mr. Rohwedder") response for failure to comply with the local rules governing summary judgment. (ECF No. 48, Docket Text Order). *See* DUCivR 56-1. On February 21, 2023, Plaintiff filed what the court construes as an amended response, entitled "Request for Material Facts." (ECF No. 50). Upon review, and for the reasons set forth herein, the court now rules as follows and RECOMMENDS that the District Court GRANT Defendant's Motion.

## STATEMENT OF UNDISPUTED FACTS

Pursuant to the local rules, a party opposing summary judgment must restate disputed facts and provide "a concise statement explaining why the fact is disputed or immaterial and a citation to the evidence used to refute the fact." DUCivR 56-1(c)(3). Mr. Rohwedder has not

disputed any of the facts set forth in Defendant's Motion and as a result the following facts are undisputed.[1]

1. On January 2, 2020 at 3:32 p.m., Officer Sperry arrested Mr. Rohwedder for the offense of Fugitive from Justice – Warrant of Arrest, Utah Code Ann. § 77-30-13. *See Affidavit of Probable Cause,* (ECF No. 43-1).

2. Officer Sperry asserted in his Affidavit of Probable Cause:

> I believe there is probable cause to charge the defendant with these charges because: On 01/02/2020 I was driving behind a vehicle that proceeded through a cross walk which was currently occupied by a civilian crossing the street. The yield lights were active. I proceeded to activate my emergency lights and pulled the vehicle over. After making contact with the suspect it was confirmed he had several warrants out of Utah and a F1 out of Kentucky. I placed the suspect into custody and contacted the Kentucky Lexington PD and they stated they would come to Utah to pick up the suspect. The suspect was transported to jail to hold for Lexington PD.

*Id.*

3. On January 14, 2020, the Salt Lake County District Attorney's Office filed an Information against Mr. Rohwedder for being a fugitive from justice in violation of Utah Code Ann. § 77-30-13. Per the Information,

> [O]n or about January 2, 2020 … [Mr. Rohwedder] was then and there a Fugitive from Justice from the State of Kentucky, the defendant having been duly charged in the City of Lexington, County of Fayette, State of Kentucky, with the crime of Crimes Against Person – Criminal Mischief, on or about September 17, 2019, the same having been filed in a Court having proper jurisdiction, and a warrant having been duly issued for the arrest of said Billy Lee Rohwedder having fled from the State of Kentucky after the commission of the offense charged to the County of Salt Lake, State of Utah.

*Information*, (ECF No. 43-2).

4. On January 14, 2020 at 11:20 a.m., Third District Court Judge Kent Holmberg issued a

---

[1] Mr. Rohwedder's amended response, entitled "Request For Material Facts", provides a brief narrative and lists four separate "facts" (ECF No. 50). Plaintiff's "facts", however, are simply unsupported statements (e.g. "The search was excessive without a warrant and suspicion of it being driven and definitely damaged is consistent with an illegal, malicious search.") without connection to any supporting evidence or argument and fail to comply with the requirements of DUCivR 56-1(c)(3) and (4).

2

warrant for arrest of Mr. Rohwedder for being a fugitive from justice. *See Warrant*, (ECF No. 43-3.)

5. On February 5, 2020 at 11:39, Third District Court Judge Jim Michie dismissed the charge against Mr. Rohwedder with prejudice because "Demanding State has decided not to extradite. Case is dismissed. Defendant to be released on this case." *See Minutes Off Calendar/Fugitive*, (ECF No. 43-4.)

## STANDARD OF REVIEW

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When considering a motion for summary judgment, the court views "all facts [and evidence] in the light most favorable to the party opposing summary judgment." *S.E.C. v. Smart*, 678 F.3d 850, 856 (10th Cir. 2012) (citations omitted). The movant must prove that no genuine issue of material fact exists for trial." *See* Fed. R. Civ. P. 56(a). Accordingly, to survive summary judgment, "the nonmoving party must come forward with specific facts showing there is a genuine issue for trial." *Smart,* 678 F.3d at 858 (citations omitted).

## ARGUMENT

Plaintiff's Eighth Amendment claim was previously dismissed (ECF No. 20), leaving Mr. Rohwedder's remaining claims for Pretextual Stop under the Fourteenth Amendment, Pretextual Detention under the Fourteenth Amendment and Pretextual Search under the Fourth Amendment. (ECF No. 4, Complaint). For the reasons stated, Officer Sperry is entitled to qualified immunity and the court recommends that summary judgment be entered in his favor.

3

**Qualified Immunity**

"When a defendant asserts qualified immunity at summary judgment, the burden shifts to The plaintiff to show that: (1) the defendant violated a constitutional right and (2) the constitutional right was clearly established." *Thomson v. Salt Lake County*, 584 F.3d 1304, 1312 (10th Cir. 2009). "A clearly established right is one that "is sufficiently clear that every reasonable official would have understood that what he is doing violates that right.'" *Mullenix v. Luna*, 577 U.S. 7, 11, 136 S. Ct. 305, 193 L. Ed. 2d 55 (2015) (*citing Reichle v. Howards,* 566 U.S. 658, 664, 132 S. Ct. 2088, 182 L. Ed. 2d 985, 989 (2012)). The Supreme Court has "repeatedly told courts … not to define clearly established law at a high level of generality. The dispositive question is whether the violative nature of particular conduct is clearly established. This inquiry must be undertaken in light of the specific context of the case, not as a broad general proposition." *Id.,* at 308 (citations omitted). "Such specificity is especially important in the Fourth Amendment context, where the Court has recognized that it is sometimes difficult for an officer to determine how the relevant legal doctrine, here excessive force, will apply to the factual situation the officer confronts." *Id.*

      **I.**      **Pretextual Stop and Detention**

The Supreme Court has held:

> An automobile stop is thus subject to the constitutional imperative that it not be "unreasonable" under the circumstances. As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred.

*Whren v. U.S.*, 517 U.S. 806, 810 (1996) (citations omitted). "Subjective intentions play no role in ordinary, probable-cause Fourth Amendment analysis." *Id.,* at 813.

"A pretextual stop occurs when an officer uses some legal justification to stop a person or vehicle in order to investigate unrelated criminal matters for which the officer lacks reasonable

suspicion." *U.S. v. Fernandez*, 18 F.3d 874, 876 (10th Cir. 1994) (citations omitted). "To determine whether an investigative detention is unconstitutional as a pretext we ask 'not whether the officer *could* validly have made the stop, but whether under the same circumstances a reasonable officer *would* have made the stop in the absence of the invalid purpose.'" *Id.* (citations omitted) (emphasis in original).

Here, the undisputed facts provide no evidence of pretext. Rather, as Officer Sperry noted in his Affidavit of Probable Cause, he stopped Mr. Rohwedder because he drove through a crosswalk while (1) the yellow yield lights were active, and (2) there was a pedestrian in the crosswalk. This is a violation of Utah Code Ann. § 41-6a-1002(1)(a)(i), which provides:

> (1)(a) Except as provided under Subsection (2), the operator of a vehicle shall Yield the right-of-way by slowing down or stopping if necessary: (i) to a pedestrian crossing the roadway within a crosswalk when the pedestrian is on the half of the roadway upon which the vehicle is traveling.

*Id.* Office Sperry stopped Mr. Rohwedder for a violation of Utah's traffic code. The stop was not pretextual because Officer Sperry did not know Plaintiff was the driver until he made contact with him and Defendant only learned Mr. Rohwedder was a fugitive from justice "*after* making contact with the suspect . . . ." *Affidavit of Probable Cause,* (ECF No. 43-1.) Thus, there was no invalid purpose for the stop and a reasonable officer would have made the same stop in similar circumstances to protect the pedestrian in the crosswalk and the public at large.

Additionally, there is no law clearly establishing a constitutional violation under these circumstances. Mr. Rohwedder has engaged in no discovery and there is no evidence suggesting the Officer Sperry stopped individuals for crosswalk violations significantly more than his counterparts. *See U.S. v. Fernandez,* 18 F.3d 874 (10th Cir. 1994) (court considered pretext where an officer "regularly stops and issues warnings to such motorists significantly more than his counterparts"). Here there is no evidence of pretext, and there are no cases that clearly establish

5

that it was a constitutional violation for Officer Sperry to pull over Plaintiff for failing to yield to a pedestrian in a crosswalk.

## II. Pretextual Search

Plaintiff also alleges that the search that accompanied his stop was unconstitutional. The Supreme Court has held:

> For the run-of-the-mine case … we think there is no realistic alternative to the traditional common-law rule that probable cause justifies a search and seizure. Here the District Court found that the officers had probable cause to believe that petitioners had violated the traffic code. That rendered the stop reasonable under the Fourth Amendment, the evidence thereby discovered admissible, and the upholding of the convictions by the Court of Appeals for the District of Columbia Circuit correct. The judgment is affirmed.

*Whren v. U.S.,* 517 U.S. 806, 819, 116 S. Ct. 1769, 135 L. Ed. 2d 89 (1996). This reasoning applies here. The undisputed facts establish that Officer Sperry had probable cause to believe Mr. Rohwedder violated Utah's traffic code. Indeed, Office Sperry witnessed the violation. Accordingly, because there was probable cause to stop Mr. Rohwedder, the stop and any subsequent search was reasonable. Even if the reasonableness of the stop was in doubt, which it is not, Defendant would still be entitled to qualified immunity because there are no cases clearly establishing that Officer Sperry's conduct in this circumstance violated the Constitution. Therefore, Officer Sperry is entitled to qualified immunity and the court recommends granting Officer's Sperry's Motion for Summary Judgment.

## **RECOMMENDATION**

For the reasons stated, the court RECOMMENDS that the District Court grant Officer Sperry's Motion for Summary Judgment. (ECF No. 43.)

Copies of this Report and Recommendation are being sent to Plaintiff who is hereby notified of his right to object. Within fourteen (14) days of being served with a copy, any party

may serve and file written objections. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute a waiver of objections upon subsequent review.

    IT IS SO ORDERED.

    DATED this 7 March 2023.

_____
Dustin B. Pead
United States Magistrate Judge